# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
MAR 29 2012
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

FREDERICK GRAY, )
)
Plaintiff, )
)
v. ) No. CIV 10-366-RAW-SPS
)
BETH HOUSTON, et al,, )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss or for summary judgment and plaintiff's motions for summary judgment and for injunctive relief. The court has before it for consideration plaintiff's complaint, the parties' motions and responses, and two special reports prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Joseph Harp Correctional Center (JHCC) in Lexington, Oklahoma, and Davis Correctional Facility (DCF) in Holdenville, Oklahoma. The defendants are Beth Houston, JHCC Property Control Officer; Sgt. Cartwright, DCF Property Control Officer; Debra L. Morton of the Director's Designee for the DOC Administrative Review Authority (ARA); Sada Jones, DCF Unit Manager; Debbie L. Dorris (aka Debbie L. Morris), JHCC Warden's Secretary; and Rebecca A. Adams, DCF Warden's Assistant.[1]

---

[1] To the extent the DOC defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Plaintiff alleges that on January 19, 2009, he suffered serious injuries when he was maliciously attacked by another inmate. Immediately after the attack, he made numerous requests to have his property secured, in preparation for his possible assignment to segregated housing. His requests regarding his property were denied, and he was placed in segregated housing. He contends that under OP-030120, JHCC Property Control Officer Beth Houston was responsible for the inventory, control, and disposition of offender personal property through use of the Offender Property Inventory form.

On February 4, 2010, plaintiff submitted a Request to Staff (RTS) to Defendant Houston about his missing legal materials, in accordance with DOC Offender Grievance Procedures. Her response indicated that after a thorough check, none of plaintiff's papers or property was located. He then submitted an appeal to the ARA, but it was returned unanswered, because his statement was not specific as to the complaint, dates, places, personnel involved, and how he was affected. The returned grievance also indicated that only the front and back of the form could be used, no attachments were allowed, and the forms must be written in black ink with no highlighting or decorating in the margins.

Plaintiff resubmitted the document on February 22, 2010, and Dorris returned it again on March 1, 2010. It was submitted a third time on March 11, 2010, but Dorris denied relief. On March 23, 2010, plaintiff again corrected his alleged errors and submitted an Offenders Grievance Report to Defendant JHCC Warden Mike Addison. Defendant Dorris, Warden's Secretary, returned the form with a notation that it was out of time from the date of the incident.

Plaintiff claims he found out that DCF Defendant Sgt. Cartwright had failed to follow the DOC Offender Property policy, so he submitted a RTS to Cartwright on February 10, 2010. Cartwright and DCF Defendant Sada Jones did not respond in a timely manner. Plaintiff then submitted a grievance to Defendant Rebecca Adams, DCF Warden's Assistant, on these issues. Defendant Jones' response indicated plaintiff did not arrive at DCF with the property at issue.

After many months of assignment to Level 2 because of a JHCC misconduct for

Battery on Staff with Injury, plaintiff requested a promotion, so he could regain his personal property. He claims he received threats from unnamed staff for seeking relief, and a routine transfer was denied in retaliation of the offense. He claims other offenders at his level with similar misconduct convictions were allowed to have their personal property, and he was singled out to be denied his property. On February 15, 2010, he submitted a RTS about his property, and Defendant Jones responded with "Are you having problems with your property?" on February 28. He also filed other grievances that were returned with instructions that they could not be resubmitted. He also sought relief from the ARA, but was advised to address his issues to Defendants Dorris or Adams.

Plaintiff asserts he made numerous requests to his case manager Verna Douglas for assistance in filing a proper grievance, but she refused to make herself available or to respond to his RTSs. He claims the only action Douglas took was to send an email to Jerriana Kendrick, and Kendrick never provided plaintiff with his missing documents. He alleges he no longer has his property, including his damaged hot pot. C/C Roberts gave him a form to have the hot pot destroyed, so he could purchase another one. His outside support sent $100 for replacement of some of his missing and damaged items. He, however, has not been able to purchase a hot pot or a power strip, because the commissary has removed those items from the property list.

Plaintiff returned some JHCC leisure library books of his own volition, because that was the right thing to do. He took the books for mailing back to JHCC on March 24, 2010, but DCF officials did not mail them until July 2010.

He checked out a DCF television with a remote control upon his arrival at that facility, so he could watch religious and educational programs. The television has been taken back by DCF officials, and the staff are providing televisions to inmates for uses that were not intended when the sets were donated. He asserts his religious beliefs are sincere, and watching the Trinity Broadcasting Network (TBN) is his only connection to outside support. He gives tithes and offerings to the TBM community, and he purchased his own expensive faith materials, which DCF officials lost in retaliation. He further alleges he is being denied

3

legal copies in an attempt to prevent him from filing another lawsuit.

**Standard of Review**

In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, ___ S.Ct. ___, 2012 WL 538411 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), and *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)).

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of defendants' motions.

**DCF Defendants Rebecca A. Adams, Sgt. Cartwright, and Sada Jones**

DCF Defendants Adams, Cartwright, and Jones have filed a motion to dismiss [Docket No. 27], alleging plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the

exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff. If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The DCF defendants assert the contract between DOC and CCA/DCF requires DCF to maintain a grievance policy through which the inmates can address issues pertaining to their confinement at DCF that are not necessarily applicable to the DOC, such as inmate property or staff issues. CCA/DCF Grievance Policy 14-5 also requires an inmate first to attempt resolution of an issue through informal procedures before filing a formal grievance.

The DCF Special Report [Docket No. 26-3] indicates that on March 15, 2010, plaintiff filed Grievance No. 10-102, concerning the storage or discarding of his legal material. The Grievance Coordinator returned it unanswered on March 22, 2010, with the following information:

> (1) Plaintiff failed to attempt informal resolution of complaint. He was advised to attach a completed informal resolution from the appropriate staff member, generally unit staff.
>
> (2) Plaintiff had not completed the grievance form in its entirety on the correct form.
>
> (3) Plaintiff was advised he could file a grievance regarding property

5

issues after meeting the requirements of Policy 14-6, Inmate Resident Property.

(4) Plaintiff also was advised to send the informal resolution form to his unit clerk, so it could be logged and forwarded to a member of plaintiff's unit team. If a response is not received within the appropriate time, the unit clerk can verify that the staff member is not in compliance.

Plaintiff did not resubmit the grievance.

On March 23, 2010, plaintiff filed Grievance No. 10-110, regarding his property and Grievance No. 10-114, concerning his legal property being replaced with JHCC library books. On March 25, 2010, the grievance coordinator returned both grievances unanswered for the same reasons Grievance No. 10-102 was returned. He did not resubmit either grievance.

On August 3, 2010, plaintiff submitted Grievance No. 10-301 concerning his personal and legal property. The Grievance Coordinator returned the grievance unanswered, advising (1) the grievance was not filed within the specified time frame, and it could not be resubmitted, and (2) the issue was addressed on March 15, 2010, and March 23, 2010.

Plaintiff also filed several grievances with the DOC ARA. Each was returned unanswered for improper submission or as untimely. The grievances filed with the ARA that relate to his complaint include:

ARA Grievance No. 101712, filed April 16, 2010, in which he complained about his classification level  The grievance was denied at DCF, and plaintiff appealed to the DOC. The appeal was returned unanswered, because (1) the grievance appeal had attachments, in violation of the rules for filing grievance appeals, and (2) additional issues submitted in the grievance appeal were not presented in the initial grievance to the facility head and would not be addressed by the ARA.[2].

---

[2] In *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010), the Tenth Circuit held the "ARA does not have the authority to reject an appeal because it contains multiple issues." Therefore, the *Little* plaintiff was determined to have exhausted his "available" administrative remedies. *Id.* In this case, the plaintiff's appeal to the ARA was returned unanswered because it had more than one issue and also because it had attachments, in violation of the procedures for an ARA appeal.

6

ARA Grievance No. 101114, filed on July 2, 2010, complaining about personal and legal property, was returned unanswered, because (1) no facility head response was included, (2) no RTS for informal action response was included, (3) the appeal was not written on the correct form with no attachments, and (4) plaintiff had not followed the process as detailed in OP-090124.

Finally, ARA Grievance No. 111233, was filed on January 26, 2011, as an appeal of DCF Grievance No. 10-329, that requested a level promotion. Warden Ezell denied the grievance on September 15, 2010, and plaintiff appealed. The grievance was returned unanswered to DCF by Debbie Morton of the ARA office, stating the original grievance had been filed out of time and instructing the facility to respond to the grievance with that notation. The facility response was amended on November 5, 2010, to reflect that the grievance was untimely.

After careful review, the court finds plaintiff has failed to exhaust the administrative remedies for his claims against the DCF defendants. Therefore, the DCF defendants' motion to dismiss [Docket No. 26] is granted, and those claims are dismissed without prejudice.

**DOC Defendants Beth Houston, Debbie L. Dorris, and Debra L. Morton**

DOC Defendants Houston, Dorris, and Morton have filed a motion to dismiss or for summary judgment [Docket No. 30], alleging plaintiff failed to show their personal participation. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff alleges Defendant Houston, the property control officer at JHCC, and JHCC Warden's Assistant Dorrris responded to his grievances at the facility level. Defendant Morton, the DOC Director's Designee, denied his ARA appeals.

While plaintiff asserts these defendants separated him from his property, he has not alleged any action taken by any of them with respect to his property, other than processing his RTS, grievance, and ARA appeal documents. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The court, therefore, finds plaintiff has failed to state a claim against the DOC defendants.

**Plaintiff's motion for preliminary injunction, temporary restraining order, and protective order**

Plaintiff has filed a motion for preliminary injunction and temporary restraining order [Docket No. 31] and a supplement [Docket No. 38], asking for a 90-day TRO. He alleges he has endured countless punishments and abuse that will continue without relief from the court. He specifically claims he has been issued bogus misconduct offense reports in retaliation. He also has suffered indifference to his medical needs related to a severe cold, and the administrators have failed to protect him on numerous occasions. He asserts he is being deprived of grievance materials and is exposed to strong, toxic pepper gas for extended periods, coupled with bio-hazard attacks. He further alleges in his attached supplement that Defendant Jones was so indifferent that he was sexually assaulted in August 2011.

Plaintiff further claims in his supplement that his disciplinary segregation has expired, but he has not been released. He maintains he never has been violent without just cause, and he does not use expletives or threats. He alleges he is cold, hungry, hurting, and scared for his life. He also has lost weight, has been maced four times, and is almost out of paper for writing.

After careful review of plaintiff's allegations, the court finds he has failed to allege with specificity how the defendants in this case were involved in the alleged deprivations, and his claims are conclusory. With the exception of his claim of being denied grievance forms, the allegations concern the conditions of his confinement, not his property, which is the subject of this action. Therefore, the motion is denied.

Plaintiff notified the court on September 28, 2011, that he had been transferred to Oklahoma State Penitentiary in McAlester, Oklahoma [Docket No. 42], and on that same date he filed a "motion for injunctive protective order against all defendants" [Docket No. 43]. The motion lists his lawsuits in the Eastern and Western Districts of Oklahoma and asks for sanctions against all the defendants. He also asks for appointment of counsel and claims he is in poor conditions of confinement, being harassed, abused, and neglected. He, however, has failed again to allege how any of the defendants in this case are responsible for the alleged constitutional violations. Therefore the motion cannot be granted.

**ACCORDINGLY,** DCF Defendants Rebecca A. Adams, Sgt. Cartwright, and Sada Jones' motion to dismiss [Docket No. 27] is GRANTED, and plaintiff's claims concerning these defendants are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. Defendants Beth Houston, Debbie L. Dorris, and Debra L. Morton's motion to dismiss [Docket No. 30] is GRANTED, and plaintiff's claims against these DOC and JHCC defendants are DISMISSED WITH PREJUDICE. Plaintiff's motions for preliminary injunction, temporary restraining order, and protective order [Docket Nos. 31 and 43] are DENIED. All remaining pending motions are DENIED as moot, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 29th day of March 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**